## PETER J. DESNOYERS *versus* WHITMORE KNAGGS (JAMES W. KNAGGS, ADMINISTRATOR)

January 4, 1833

408

Cole & Fraser, attorneys for plaintiff.
B. F. H. Witherell, attorney for defendant.

[OPINION]

Knags Admr vs Desnoyer— in arrest of verdict.

The action was commenced in the Supreme Court at the Sp$^r$ Term thereof 1822, by Peter J. Desnoyer, vs Whitmore Knaggs, as the surviving partner of said Knaggs and Duncan Reed, upon a promissory note signed Duncan Reed & Company— Knaggs pleaded the gen$^l$ issue   issue was joined between s$^d$ Desnoyer & Knaggs in the Supreme Court, and the Case was Cont$^d$ from time to time until Monday the 17th day of Oc$^r$ 1825. when by the Consent of the parties the proceedings & issue joined, were sent to the Circuit Court of Wayne County for trial under the authority of the 17 section of the act of 1825. The action under the order so given was entered in said Circuit Court at the Dec$^r$ Term of said Court in 1826. at which term an ineffectual trial was had, but the jury not agreeing on their verdict the Cause stood over and was continued to the next Term of sd Court under an order for another Jury— Nothing further appears to have been done in said Cause until the January Term of 1828 when the Pltff by his Atty appeared in Court and the death of the Def$^t$ Knaggs since the last Continuance was suggested and the Cause Continued to the next Term—

At the Term of June 1830 James W Knaggs the adm$^r$ of Whitmore Knaggs the def$^t$ in said action came into the Circuit Court, in obedience to a citation issued from said Court under the act of 1818 and on his own motion, was admitted as party defendant in said action— and on his application the cause was continued to the next Jan$^y$ Term of s$^d$ Court— And at the Jan'y Term of said Court the action was again Continued on motion of s$^d$ Adm$^r$ to the June Term, when the Issue joined in the Case was tried by a Jury and a verdict rendered in favor of the pltff for 1074–96½—

Several grounds are assig$^d$ in arrest of the verdict

1st that the Decl$^n$ is defective—

I am of opinion that the Declaration, contains sufficient matter to sustain the verdict— All the facts are substantially set forth, altho somewhat inartificially and informally drawn— and as the Def$^t$ did not deem it advisable to Demur but suffered the Jury to pass on the Case under the General issue, and after the def$^t$ has had the full benefit of his defense before the Jury, I think the verdict ought not on acc$^t$ of such defects to be arrested— many defects are cured by a verdict, which if taken advantage of by demurrer, would be suff$^t$ to sustain it— To sustain a verdict all averments necessary to be proved to warrant a verdict will be presumed to have been proven, altho not formally alledged in the pleadings— The liability to pay the note attached to Knaggs on the death of Reed and became in fact a several undertaking— Its joint character ceased on that event happening— The individual liability having once attached to him, descended on his death to his legal representatives—

2$^d$ James W. Knaggs the adm$^r$ of Whitmore Knaggs is not a party in the action— That there has been a mistrial, consequently the verdict is void—

The grounds taken in the argument are that the action was instituted and pending in the Supreme Court where the issue, between Peter J. Desnoyers and Whitmore Knaggs, was made up, and from that Court sent to the Circuit to be tried, and when tried, to be returned with the verdict into the Supreme Court for

Judg[t]— It is contended that as Whitmore Knaggs died before the trial of the issue, the Circuit Court lost its jurisdiction, and that it was not competent for that Court, under the law of 1818 to Cite in the representative of the Deceased to defend the action— In settling this point, there are dificulties arising from the scattered mode of Legislation as it bears on the Courts of the Terr[y]. In the year 1818 when the act passed for sustaining & reviving actions ag[t] the Representatives of deceased persons the Supreme and County Courts, alone existed, which accounts for those Courts being named in the Act. The Circuit Courts have since been created, and invested with power belonging to both the Supreme & County Courts— And altho the Circuit Courts are not named in the act yet they are within the reason assigned in the preamble for passing the law— and being within the reason and equity of the law, I think they may well exercise it, and particularly where the representative submits to the exercise of that power without interposing an objection—

The record states that on coming into Court under the Citation he made himself a party to the action by the permission of the Court— He neither filed or offered any new plea, but assented to go to trial on the pleadings as made up— What would have been the proper course to have been pursued by the Pltff had a plea been interposed need not now be discussed as no plea was offered— The issue was non assumpsit and made up by the deceased W. Knaggs.— Could the Adm[r] have have made up a different issue had he on coming in pleaded to the merits?— I think not, and as he made himself a party to the action, and had the benefit of a defence, I think he must be bound by the verdict, altho there may have been some irregularity in the proceedings pursued in his becoming a party.

3[d] That the verdict is for a larger sum than claimed by the Pltff—

The Pltff offers to remit the excess found by the Jury— which is opposed by the Def[t] on the ground that the remission will deprive him of a review before the Supreme Court of the U. S.— I think the pltff has the right to enter a remittitur, and that the reasons assig[d] by the Def[t] are insufficient to deprive him of the privilege— It is the Judgment of the Court and not the verdict, that decides the right of appeal, and as a member of the Court I can never agree, to Compel the Pltff to commit an error in entering of Judgment, which of itself would be cause for reversal—

5. That the Court had no authority to send the issue to be tried in the Circuit Court— This point has already been under the consideration of the Court, in the Case of Holly and Reed, when the objection was overruled—

Upon a full careful consideration of the motion to arrest the verdict, and having fully weighed the arguments urged by the def[s] Counsel, I think the verdict must be supported and the mo overruled—